# Case Information

CV-0081964 | Timothy Ranieri, et al vs. United Property & Casualty Insurance Company

| Case Number | Court | Judicial Officer |
| --- | --- | --- |
| CV-0081964 | County Court at Law No. 3 | Ewing, Jack |

| File Date | Case Type | Case Status |
| --- | --- | --- |
| 09/24/2018 | Contract - Consumer/Commercial/Debt | Filed/Open |

# Party

**Plaintiff**
Ranieri, Timothy

Active Attorneys ▾
Lead Attorney
Dick, Eric B.
Retained

**Plaintiff**
Renee Burgess

Active Attorneys ▾
Lead Attorney
Dick, Eric B.
Retained

**Defendant**
United Property & Casualty Insurance Company

Address
Ct Corporation System - 1999 BRYAN Street, Suite 900
Dallas TX 75201-3136

Active Attorneys ▾
Lead Attorney
Smith, Sarah R.
Retained

**EXHIBIT 2**

## Events and Hearings

09/24/2018 Original Petition (OCA) ▼

Original Petition

09/24/2018 Case Cover Sheet ▼

Case Cover Sheet

Comment
e-mail citation to dickdidit911@gmail.com (citation paid)

09/26/2018 Status Conference ▼

Status Conference

09/26/2018 Citation - Service ▼

Anticipated Server
Private Process Server

Anticipated Method
In Person
Comment
e-mailed to dickdidit911@gmail.com

01/10/2019 Status Conference ▼

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
1:30 PM

Result
Failure to Appear - Unexcused

02/07/2019 Court Fax Transmission ▼

Court Fax Transmission

02/19/2019 Dismissal Docket ▼

Original Type
Dismissal Docket

**EXHIBIT 2**

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
9:30 AM

Result
Held

Comment
Missed Court Date: SC 1/10

03/18/2019 Original Answer ▼

Original Answer

04/11/2019 Status Conference ▼

Judicial Officer(s)
Ewing, Jack, Ewing, Jack, Ewing, Jack, Ewing, Jack

Hearing Time
1:30 PM

Comment
Retained from 2/19 DD. Must enter a DCO. FTA=dism

## Financial

Ranieri, Timothy

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $263.00 |
| Total Payments and Credits | | | | $263.00 |
| 9/25/2018 | Transaction Assessment | | | $263.00 |
| 9/25/2018 | Payment | Receipt # 2018-16226-CC | Ranieri, Timothy | ($263.00) |

United Property & Casualty Insurance Company

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $2.00 |
| Total Payments and Credits | | | | $2.00 |
| 3/19/2019 | Transaction Assessment | | | $2.00 |

**EXHIBIT 2**

3/21/2019

| 3/19/2019 | Payment | Receipt # | United Property | ($2.00) |
| | | 2019-5434- | & Casualty | |
| | | CC | Insurance | |
| | | | Company | |

## Documents

Original Petition

Case Cover Sheet

United Property & Casualty Insurance Company - Cit

Status Conference

Court Fax Transmission

Original Answer

**EXHIBIT 2**

# View Document - Case Cover Sheet

Pages: 1

Galveston County - County Court at Law No. 3

## CIVIL CASE INFORMATION SHEET

Filed
9/24/2018 5:41 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NUMBER (FOR CLERK USE ONLY): CV-0081964     COURT (FOR CLERK USE ONLY): _____

STYLED TIMOTHY RANIERI and RENEE BURGESS V. UNITED PROPERTY & CASUALTY INSUANCE COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: ERIC B. DICK  DICK LAW FIRM, ATTORNEY  Email: dickdidit911@gmail.com | Plaintiff(s)/Petitioner(s): TIMOTHY RANIERI and RENEE BURGESS | ☑Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: _____ |
| Address: 3701 BROOKWOODS DR.  Telephone: (832) 207-2007 | | Additional Parties in Child Support Case: Custodial Parent: _____ |
| City/State/Zip: HOUSTON, TX 77092  Fax: (713) 893-6931 | Defendant(s)/Respondent(s): UNITED PROPERTY & CASUALTY INSURANCE COMPANY | Non-Custodial Parent: _____ |
| Signature: [signature]  State Bar No: 24064316 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☑Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: ____ | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: ____ | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: ____ | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: ____ | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ____  ☐Other Injury or Damage: ____ | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: ____ | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order  **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: ____ | |
| | | | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: ____ | |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: ____ | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: ____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: ____ | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☑Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

Pages: 1

**EXHIBIT 2**

**View Document - United Property & Casualty Insurance Company - Cit**

Pages: 1

CITATION

DOCKET NO. CV-0081964

County Court at Law No. 3

Timothy Ranieri, et al

vs.

United Property & Casualty Insurance Company

FILE COPY

THE STATE OF TEXAS
COUNTY OF GALVESTON

TO:   United Property & Casualty Insurance Company - may be served by serving:

CT Corporation System
1999 Bryan Street Suite 900
Dallas TX 75201-3136

GREETING:

You have been sued. You may employ an attorney. **If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you.** Said written answer may be filed by mailing same to: Galveston County Clerk's Office, 600 59th Street, Suite 2001, Galveston, Texas 77551-4180. The case is presently before Honorable Jack Ewing, County Court at Law No. 3 of Galveston County, at the Galveston County Justice Center in Galveston, Texas.

SAID PLAINTIFF'S ORIGINAL PETITION WAS FILED ON SEPTEMBER 24, 2018, under DOCKET NO. CV-0081964, with the style of the cause being: Timothy Ranieri, et al  vs.  United Property & Casualty Insurance Company.
The name and address of the plaintiff or the attorney of record is: Eric B. Dick, Dick Law Firm PLLC 3701 Brookwoods Drive Houston TX 77092. A copy of Plaintiff's Original Petition together with case information statement accompany this citation and are made a part hereof.

If this citation is not served, it shall be returned unserved.

ISSUED UNDER MY HAND AND SEAL OF OFFICE, at Galveston, Texas, on this, the 26th day of September, 2018.

Dwight D. Sullivan, Galveston County Clerk
County Court at Law No. 3
Galveston County, Texas

By ___/s/___ _Debra Marquez_____ Deputy
                    Debra Marquez

==================================================================
OFFICER'S OR AUTHORIZED PERSON'S RETURN
Came to hand on the _____ day of _____, 20____ at _____ o'clock ___.M., and executed in _____ County, Texas by delivering to each of the with named person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit:

| Name | Date | Time | Place |
|---|---|---|---|
|  |  |  |  |

FEES - Serving                              Name of Officer or Authorized Person

AMOUNT $_____   _____ County, Texas
                                             By _____ Deputy
Authorized Person's Verification:
        On this day personally appeared_____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
        Sworn to and subscribed before me on this, the _____ day of _____, 20____.

_____           Notary's Name Printed: _____
Notary Public
In and For the State of Texas      Commission Expires: _____

EXHIBIT 2

Filed
9/24/2018 5:41 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

NO. _____.

CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI and RENEE BURGESS,** | § | **IN THE COUNTY CIVIL COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER** _____. |
| | § | |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY,** | § | Galveston County - County Court at Law No. 3 |
| | § | |
| *Defendant* | § | **GALVESTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TIMOTHY RANIERI and RENEE BURGESS (herein "Plaintiff"), who files this, its Original Petition, against UNITED PROPERTY & CASUALTY INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.

### Preliminary Information and Definitions

1.  Insured:                    TIMOTHY RANIERI and RENEE BURGESS (herein "Plaintiff")

    Policy Number:        4310023712000 (herein "Policy")

    Claim Number:        2017TX030028 (herein "Claim" or "Claim Number")

    Date of Loss:          8/27/2017 (herein "Date of Loss")

    Insured Property:     2442 KINSDALE AVENUE, DICKINSON, TX 77539

    (herein "Property" or "Insured Property")

    Insurer:                   UNITED PROPERTY & CASUALTY INSURANCE COMPANY

    (herein "Defendant")

    Defendant's attorney for service is: CT CORPORATION SYSTEM

    1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201-3136

### II.

**EXHIBIT 2**

### Discovery Control Plan

2. Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

### III.

### Request for Expedited Trial Date

3. Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

### IV.

### Parties

4. Plaintiff is an individual who resides in Texas.

5. Defendant is a "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

### V.

### Jurisdiction

6. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks monetary relief less than $100,000 or less, including damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Specifically, Plaintiff seeks damages less than $75,000.00 and will not accept any more than $75,000.00 at this time.

7. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

### VI.

### Venue

8. Venue is proper in GALVESTON County, Texas because the insured property is situated in

**EXHIBIT 2**

GALVESTON County, Texas and/or the contract was signed in GALVESTON County, Texas. TEX. CIV.

PRAC. & REM. CODE. § 15.032

## VII.

## Facts

9.  Plaintiff was the owner of the Policy issued by Defendant.

10. Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff.

12. The Plaintiff suffered a significant loss with respect to the property at issue and may have suffered additional living expenses.

13. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

14. Defendant assigned a Claim Number to Plaintiff's claim.

15. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

16. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

17. The person hired by Defendant to prepare an estimate on Plaintiff's property appeared to be an advocate for Defendant as he/she advocated for a minimal sum of damages Plaintiff sustained.

18. Furthermore, the adjuster hired by Defendant was improperly trained, had inadequate knowledge of the type and scope of loss, have very little or no hands on experience with construction, and was not qualified to prepare the underlying estimate for damages Plaintiff suffered.

19. As Defendant briefly inspected Plaintiff's home, it created a scope of damages that was significantly less than the amount of damages Plaintiff suffered.

20. Defendant has created this environment of hiring poorly trained adjusters so as to create estimates that are substantially less than what its insured's have actually suffered.

21. Therefore Defendant failed to properly adjust both claims and summarily improperly paid the claims with

**EXHIBIT 2**

obvious knowledge and evidence of serious cosmetic and structural damage – hoping that Plaintiff would

lack the knowledge of the amount of damage she actually suffered.

22. As Plaintiff strongly disagrees with the lowball scope of loss that Defendant's advocate prepared, Plaintiff

has invoked appraisal.

23. All conditions precedent upon the policy had been carried out and accomplished by Plaintiff.

24. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the

full claims in accordance with the terms of the policy was reasonably clear.

25. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which

a reasonable insurance company would have relied on to deny the full payment.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is

representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case.

28. The acts and omissions Defendant committed in this case, or similar acts and omission, occur with such

frequency that they constitute a general business practice of Defendant with regard to handling these types

of claims.

29. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the

expense of the policyholders.

30. Plaintiff anticipates that Defendant has and will continue to manipulate the claims process and appraisal

process in an effort to underpay or deny the claim.

31. Furthermore, Plaintiff anticipates that Defendant has or will require additional steps in claiming policy

benefits to which do not exist in the policy.

32. For example, Defendant routinely requires that Plaintiff prove that a dispute exists as to the claimed

benefits – even though Plaintiff has sent demand letters, invoked appraisal, and filed this lawsuit to force

the appraisal process.

33. Plaintiff anticipates that Defendant will require or attempt to require that Plaintiff sign a unilateral release

of claims against Defendant in order for Defendant to pay any appraisal award when the policy for

**EXHIBIT 2**

insurance benefits doesn't require that.

34. Specifically, Plaintiff anticipates that Defendant will require a unilateral release of claims against Defendant before issuing payment as a result of the appraisal process.

35. This behavior is strictly forbidden under Texas Insurance Code 541.060.

36. The above actions from Defendant show that it has no intent preform on the contract when performance is due – namely, to pay policy benefits after an insured has suffered a covered loss.

37. This lawsuit is not about the *amount* of loss. Indeed, it is about Defendant's refusal to participate in the appraisal process and the actual damages Plaintiff suffered in forcing Defendant to participate in the appraisal process.

38. Plaintiff reserves all rights to invoke appraisal under the terms of insurance and is filing this lawsuit to enforce its rights of appraisal.

## VIII.

## Causes of Action:

## COUNT 1:

## Breach of Contract

1. Plaintiff and Defendant have entered into a contract for insurance benefits.

2. One of the conditions in the policy is appraisal.

3. Plaintiff has timely invoked appraisal yet Defendant refuses to participate.

4. After numerous demands, Defendant has forced Plaintiff to file a lawsuit to make Defendant participate in appraisal.

5. Plaintiff seeks an order forcing Defendant to participate in appraisal.

6. Plaintiff seeks the actual damages she/he has suffered in forcing Defendant to participate in appraisal.

7. The purpose of appraisal is to determine the amount of an insured loss.  Appraisal is a remedy available under the applicable policy to determine the amount of loss when the parties disagree.

EXHIBIT 2

Plaintiff has invoked the appraisal clause of the policy.  Plaintiff seeks Defendant to abide by its own policy provision and asks the Court to order the parties to participate in appraisal.

## Appraisal Demand

8.  As set forth above, Plaintiff and Defendant do not agree on the amount of Plaintiff's losses.  Therefore, Plaintiff has sent notice to Defendant that Plaintiff named its appraiser and invoked the Policy's appraisal clause referenced above.

## Once Invoked Appraisal is Mandatory and Enforceable

9.  Texas courts specifically enforce the appraisal clause in property insurance policies and this Court has the authority to order the parties to participate in compliance with this policy condition.  *State Farm v. Johnson*, 290 S.W.3d 886 (Tex. 2009); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002).  Since 1888, when the Texas Supreme Court decided *Scottish Union & National Ins. Co. v. Clancy*, Texas courts have regularly and consistently enforced appraisal clauses by ordering the parties to comply.  *See Clancy,* 8 S.W. 63 (Tex. 1888); *In re Allstate*, 85 S.W.3d at 196.

10.  Texas has consistently recognized appraisal awards as binding and enforceable, and courts indulge every reasonable presumption to sustain them.  *See, e.g., Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14[th] Dist.] 2004, no pet.).

Once invoked, appraisal is mandatory.

11.  A party who refuses to engage in the process is subject to judicial compulsion.  Because the amount of loss must be determined in every property damage case, "appraisals should generally go forward without preemptive intervention by the courts."  *Johnson*, 290 S.W.3d at 894.  Therefore, a court faced with a motion to compel appraisal lacks any discretion to deny it, assuming the party has timely invoked the process and otherwise complied with the policy.  *In re Allstate County Mut. Ins. Co*., 85 S.W.3d 193 (Tex. 2002) (orig. proceeding).  *Johnson*, 290 S.W.3d at 888 ("While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely."); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet.) (mandamus will issue against a failure to order an appraisal in the proper circumstances).  An appraisal clause binds

**EXHIBIT 2**

the parties to have the extent or amount of the loss determined in a particular way. *Johnson*, 290 S.W.3d at 895.

12. The appraisal clause is thus mandatory and non-revocable and is specifically enforceable by either party. *See, e.g., Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 344-46 (Tex. Civ. App.—Houston [14th Dist] 1974, no writ) (holding that an insured can enforce the appraisal provision against an unwilling insurer); *Laas v. State Farm Mut. Ins. Co.*, 2000 WL 1125287, at *4-5 (Tex. App.—Houston [14th Dist] 2000, pet. denied) (holding the trial court has power to appoint an umpire when the parties' appointed appraisers fail to do so).

13. In *Allstate*, the Texas Supreme Court explained that denying appraisal vitiates the insurer's ability to defend against a breach of contract claim because appraisal goes to the heart of such a claim. *Allstate*, 85 S.W.3d at 196.  Accordingly, the *Allstate* Court granted mandamus relief when the trial court denied a motion to compel appraisal, finding that the denial constituted an abuse of discretion and that the insurer lacked an adequate remedy by appeal.

14. The appraisal clause is a condition precedent to coverage for damages under property insurance policies. *State Farm v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) ("…appraisal is intended to take place before suit is filed; [the Texas Supreme Court] and others have held that it is a condition precedent to suit.").  The Policy contains provisions that specifically condition coverage actions on compliance by the insured with policy conditions such as the appraisal clause.

15. Pursuant to the appraisal clause and the suit against us clause, compliance with the appraisal process is a condition precedent to coverage and to the validity of Plaintiff's suit against Defendant.  Either party can invoke appraisal.  Both parties are bound by that invocation.  Whether appraisal begins before or during litigation, the lawsuit must be abated.  *Woodward v. Liberty Mut. Ins. Co.,* No. 3:09- CV-0228-G, 2010 WL 1186323 *3 (N.D. Tex. Mar. 26, 2010). "When one party to an insurance contract properly invokes the contract's appraisal clause ... a court should exercise its discretion to stay the suit pending completion of the appraisal." *Woodward,* 2010 WL 1186323 at *3; *see also In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[a] remedy to enforce a condition

**EXHIBIT 2**

precedent in its policy is abatement of the case"); *see also United Neurology, P A v. Hartford Lloyd's Ins. Co.,* No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012) (abating case while the appraisal goes forward); *Rice v. Certain Underwriters at Lloyds*, Civ. A. No. H-10-4660, 2011 WL 240421 (S.D. Tex. Jan. 21, 2011) (abating case until appraisal process is complete).  There is no legal, contractual or case law support for an attempt to avoid the appraisal process.

16. If either party fails to comply with the appraisal clause, Plaintiff cannot recover under the Policy.  Further, because the respective appraisal clauses are binding upon the respective parties, there can be no breach of contract action for failure to pay amounts in excess of the award.  *Scottish Union & National Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888); *Waterhill Cos. Ltd. v. Great American Assurance Co.*, 2006 WL 696577, slip op. at *2 (S.D. Tex. March 16, 2006); *Brownlow v. United States Automobile Ass'n*, 2005 WL 608252 (Tex. App.—Corpus Christi 2005, pet. denied); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied); P*rovidence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 878 (Tex. App.—San Antonio 1994, no writ).

17. The combination of the appraisal clause and the "suit against us" clause entitles either party to abatement of the insured's action until the completion of the appraisal.  *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet) (the appraisal and no action clauses of the policy are unambiguous and enforceable, and the insureds could not sue before they complied with the appraisal clause).

18. The Policy provides a specific mechanism for resolution of disputes about the amount of loss.  That mechanism is appraisal, and it is binding on all parties.  As discussed by the courts in *Waterhill*, *Brownlow*, and *Breshears*, *supra*, if Defendant complies with the appraisal award, there can be no breach of contract, making Plaintiff's suit unnecessary.  Therefore, abatement of any further proceedings in this lawsuit pending completion of the appraisal process promotes judicial efficiency.  *See Slavonic,* 308 S.W.3d at 565; *see also Butler v Prop. & Cas. Ins. Co. of Hartford,* Civ. A. No H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011) (holding that abatement of the case pending appraisal is appropriate and "in the interest of the efficient and inexpensive administration of justice").

**EXHIBIT 2**

**IX.**

**DAMAGES AND PRAYER**

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

   a. Actual damages that Plaintiff has suffered as a result of Defendant refusing to participate in appraisal;

   b. Actual damages and benefit of the bargain from Defendant's refusal to pay proper policy benefits;

   c. Attorney fees that Plaintiff has incurred as a result of Defendant refusing to participate in appraisal; and

   d. A court order requiring Defendant to participate in appraisal

**X.**

**RESERVATION OF RIGHTS TO APPRAISAL PROCESS**

20. Plaintiff has invoked appraisal prior to filing this lawsuit.

21. Furthermore, by filing this Petition Plaintiff again invokes appraisal and renews its requests for appraisal as further needed and maintains its rights to the appraisal process.

22. Plaintiff specifically reserve any rights to change, supplement, amend, and add or remove disputed items to present to the Appraisal Panel as these items are discovered during the appraisal process.

23. In the event the appraisers are unable to select an umpire during the time period allotted, Defendant is formally given notice that Plaintiff intends to ask this Court to select an *independent* umpire.

24. Defendant is given notice that this lawsuit is filed without any intent to waive any appraisal rights because this lawsuit is not relating the *amount* of loss.

25. More specifically, this is a lawsuit brought to prevent Defendant from continuing in its attempts to avoid participation in the appraisal process.

26. Plaintiff reserves all rights to seek any attorney fees and actual damages that Plaintiff incurred for having this Court compel the appraisal process.

**EXHIBIT 2**

## XI.

### PLAINTIFF MAKES 194 REQUESTS TO DEFENDANT

27. Plaintiff makes 194.2 requests to Defendant.

28. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**EXHIBIT 2**

## EXHIBIT "A"
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### I.
### DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

### II.
### INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

**EXHIBIT 2**

## III.
## <u>INTERROGATORIES</u>

1.  Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

2.  If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

3.  Identify by date, author, and result the reports generated as a result of your investigation.

ANSWER:

4.  State the following concerning notice of claim and timing of payment:
    a. The date and manner in which you received notice of the claim
    b. The date and manner in which you acknowledged receipt of the claim
    c. The date and manner in which you commenced investigation of the claim
    d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
    e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

5.  Identify by date, amount and reason, the insurance payments made by you to the Plaintiff.

ANSWER:

6.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

7.  Do you contend that appraisal is improper in this matter?

ANSWER:

8.  Do you contend that the Plaintiff has properly invoked appraisal?

**EXHIBIT 2**

9. Do you contend that Defendant should not communicate to any umpire *ex parte*?

ANSWER:

10. What relationship do you have, if any, with any umpire that you or your appraiser has suggested?

ANSWER:

11. What relationship do you have, if any, of the umpire selected or appointed in this appraisal?

**EXHIBIT 2**

<u>EXHIBIT "B"</u>
<u>PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION</u>

**I.**
**DEFINITIONS:**

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

**II.**
**INSTRUCTIONS:**

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

**EXHIBIT 2**

**PRODUCTION PROTOCOL RELATING TO**
**ELECTRONICALLY STORED INFORMATION**
**(ESI ATTENDANT TO DISCOVERY REQUESTS TO DEFENDANT)**

1.  "Information items" as used herein encompasses individual documents and records (including associated metadata) whether on paper or film, as discrete "files" stored electronically, optically, or magnetically or as a record within a database, archive, or container file. The term should be read broadly to include e-mails, messaging, word processed documents, digital presentations, and spreadsheets.

2.  Consistent with Texas Rule of Civil Procedure 196.4, responsive electronically stored information (ESI) has been requested by Plaintiff in its native form; that is, in the form in which the information was customarily created, used, and stored by the native application employed by the producing party in the ordinary course of business. The producing party shall not produce in a format not requested and later assert that production as a basis of not producing in the requested format, except upon agreement by the parties prior to production or ordered by the Court. The parties are reminded of their obligation to confer and to make reasonable efforts to resolve disputes regarding production without court intervention. *See In re Weekly Homes, L.P.,* 295 S.W.3d 309 (Tex.2009); TEX. R. CIV. P. 192.4(b).

3.  If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, it may be produced in an agreed-upon near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure, or functionality as compared to the native form. Static image production formats serve as near-alternatives only for information items that are natively static images (i.e., photographs and scans). Any and all agreements between the parties on a non-native form of production shall occur prior to initial production and the agreements shall be in writing. If no agreement can be made between the parties, consistent with Texas Rule of Civil Procedure 196.4, Defendant(s) will object and file with the Court evidence that production in native or near-native form is unduly burdensome or requires extraordinary steps. In the event the Court determines that production in native or near-native format is infeasible, production shall be made in accordance with the instruction of this Protocol.

4.  The table below supplies examples or agreed-upon native or near-native forms in which specific types of ESI should be produced:

| Source ESI | Native or Near Native Form or Forms Sought |
|---|---|
|  |  |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect Documents | .WPD |
| Adobe Acrobat Documents | .PDF |

**EXHIBIT 2**

| Photographs | .JPG, .PDF |
|---|---|
| E-mail | Messages should be produced in a form or forms that |
| | readily support import into standard e-mail client |
| | programs; that is, the form of production should adhere to |
| | the conventions set out in RFC 5322 (the internet e-mail |
| | standard). For Microsoft Exchange or Outlook |
| | messaging, .PST format will suffice. Single message |
| | production formats like .MSG or .EML may be |
| | furnished, if source foldering data is preserved and |
| | produced. For Lotus Notes mail, furnish .NSF files or |
| | convert to .PST. If your workflow requires that |
| | attachments be extracted and produced separately from |
| | transmitting messages, attachments should be produced |
| | in their native forms with parent/child relationships to the |
| | message and container(s) preserved and produced in a delimited text file. |
| | |

5. Absent the showing of need, a party shall only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer prior to initial production regarding programming database productions as necessary.

6. Information items that are paper documents or that require redaction shall be produced in static image formats, e.g., single-page .TIF or multipage .PDF images. If an information item contains color, the producing party shall not produce the item in a form that does not display color. The full content of each document will be extracted by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file.

7. Parties shall take reasonable steps to ensure that text extraction methods produce usable, accurate, and complete searchable text.

8. Individual information items requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the unredacted portions of the item. To the extent a producing party asserts that production in .PDF format and redaction using the Adobe Acrobat redaction feature is unfeasible, the parties are directed to confer in an attempt to resolve any dispute without Court intervention. If the dispute cannot be resolved between the parties, the manner of production can be brought before the Court consistent with TEX. R. CIV. P. 196.4.

**EXHIBIT 2**

9. Upon a showing of need, a producing party shall make a reasonable effort to locate and produce the native counterpart(s) of any .PDF or .TIF document produced. The parties agree to meet and confer prior to initial production regarding production of any such documents. This provision shall not serve to require a producing party to reveal redacted content.

10. Except as set out in this Protocol, a party need not produce identical information items in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata, and utility of an information item shall all be considered in determining whether information items are identical, and items reflecting different information shall not be deemed identical.

11. Production should be made using appropriate electronic media of the producing party's choosing provided that the production media chosen not impose undue burden or expense upon a recipient. All productions should be encrypted for transmission to the receiving party. The producing party shall, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

12. Each information item produced shall be identified by naming the item to correspond to a Bates identifier according to the following protocol:

- The first four (4) characters of the filename will reflect a unique alphanumeric designation identifying the party making the production

- The next nine (9) characters will be a unique, consecutive numeric value assigned to the time by the producing party. This value shall be padded with leading zeros as needed to preserve its length

- The final five (5) characters are reserved to a sequence beginning with an underscore(_) followed by a four digit number reflecting pagination of the item when printed to a paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

- By way of example, a Microsoft Word document produced by Joe Johnson in its native form might be named: JJSN000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier JJSN000000123_0006.

13. Information items designated Confidential may, at the Producing Party's option:

- Be separately produced on electronic production media prominently labeled confidential to comply with a Protective Order, if applicable.

- When any item so designated is converted to a printed format for any reason or

**EXHIBIT 2**

imaged format for use in any submission or proceeding, the printout or page image shall bear be labeled confidential on each page in a clear and conspicuous manner, but not so as to obscure content.

14. Producing party shall furnish a delimited load file supplying the metadata field values listed below for each information item produced (to the extent the values exist and as applicable)

**FIELD**

BeginBates

EndBates

BeginAttach

EndAttach

Custodian/Source

Source File Name

Source File Path

From/Author

To

CC

BCC

Date Sent

Time Sent

Subject/Title

Last Modified Date

Last Modified Time

Document Type

Redacted Flag (yes/no)

Hidden Content/Embedded Objects Flag (yes/no)

Confidential flag (yes/no)

**EXHIBIT 2**

MD5Hash value

Hash De-Duplicated Instances (by full path)

15. Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

16. Parties shall respond to each request for production by listing the Bates numbers/ranges or responsive documents produced, and where an information item responsive to these discovery requests has been withheld or redacted on a claim that it is privileged, the producing party shall furnish a privilege log in accordance with Texas Rule of Civil Procedure 193.3.

## III.
## REQUEST FOR PRODUCTION OF DOCUMENTS

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last two years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. Contracts between you and the appraiser hired by you in this matter.

RESPONSE:

**EXHIBIT 2**

7. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

8. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

9. The documents reflecting reserves applied to the subject claim.

RESPONSE:

10. For the past three years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

11. For the last three years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

12. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

13. As relating to this underlying lawsuit, produce the responses, including all documents you have received, to all requests you have made for Deposition by Written Questions.

RESPONSE:

14. If you are requesting Plaintiff pay for your costs and/or expenses incurred as a result of this litigation, produce all invoices, statements, payment vouchers, payment records, checks, and proof of payment of all costs and/or expenses that you are claiming Plaintiff should be responsible for.

RESPONSE:

15. Your preferred umpire list.

RESPONSE:

**EXHIBIT 2**

**EXHIBIT "C"**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

**I.**
**DEFINITIONS:**

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

**EXHIBIT 2**

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.      PLAINTIFF has invoked the appraisal.

ANSWER:

2.      DEFENDANT has a preferred list of umpires.

ANSWER:

3.      PLAINTIFF has not waived its rights to appraisal.

ANSWER:

4.      DEFENDANT has refused to participate in appraisal.

ANSWER:

5.      PLAINTIFF has demanded appraisal prior to filing this lawsuit.

ANSWER:

6.      The insurance policy at issue has an appraisal provision.

ANSWER:

7.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S attorney fees.

ANSWER:

8.      DEFENDANT is not seeking for PLAINTIFF to pay for DEFENDANT'S costs associated with this lawsuit.

ANSWER:

**EXHIBIT 2**

**EXHIBIT "D"**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are is retained:

1. Eric Dick, LL.M.
   **DICK LAW FIRM, PLLC**
   3701 Brookwoods Dr.
   Houston, Texas 77092
   (832) 207-2007
   (713) 893-6931 Fax

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred and recoverable by any party to this lawsuit.  Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims.  The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |

Notable information:  Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history. Named by Super Lawyers as a Rising Star. Elected as Harris County Department of Education Trustee. Elected as Vice President of the Board for Harris County Department of Education.

Mr Dick's report and resume, if not attached, will be provided to Defendant and are incorporated by reference.

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties.  A reasonable fee to be charged in this case is $450.00 per hour in consideration with several factors, including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;

**EXHIBIT 2**

- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
    - The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
    - The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
    - The fee customarily charged in the locality for similar legal services;
    - The amount involved and the results obtained;
    - The time limitations imposed by the client or the circumstances;
    - The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

**EXHIBIT 2**

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
TBN: 24064316
**DICK LAW FIRM, PLLC**
3701 Brookwoods Dr.
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 893-6931 Facsimile
eric@dicklawfirm.com

**EXHIBIT 2**

CAUSE NO. ___CV-0081964___

| | | |
|---|---|---|
| **TIMOTHY RENIERI and** | § | **IN THE COUNTY CIVIL COURT** |
| **RENEE BURGESS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER _____** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | Galveston County - County Court at Law No. 3 |
| **INSURANCE COMPANY** | § | |
| *Defendants.* | § | **GALVESTON COUNTY, TEXAS** |

**EXHIBIT E**

COMES NOW Plaintiff by and through his/her attorney, who stipulates as follows:

1.    The total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

2.    The total damages sought by the Plaintiff in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

3.    Neither Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs.

4.    Neither Plaintiff of his/her attorney will amend his/her petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5.    Neither Plaintiff nor his/her attorney will authorize anyone on his/her behalf or his/her future heirs and/or assigns, to make such an amendment.

6.    Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interest and costs.

Signed on February 9, 2018

**DICK LAW FIRM, PLLC**

_____

**EXHIBIT 2**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

2

**EXHIBIT 2**

Filed
3/18/2019 10:43 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CAUSE NO: CV-0081964

| | | |
|---|---|---|
| **TIMOTHY RANIERI AND RENEE BURGESS** | § § § | **IN THE COUNTY CIVIL COURT** |
| **VS.** | § § | **AT LAW NO. 3** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | § § § | **GALVESTON COUNTY, TEXAS** |

### DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S VERIFIED ORIGINAL ANSWER, SUBJECT TO DEFENDANT'S PLEA TO THE JURISDICTION, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition, subject to United Property's Plea to the Jurisdiction[1], which it will file shortly, and would respectfully show unto the Court the following:

### I.

### GENERAL DENIAL

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

---

[1] Defendant reserves its right to challenge whether Plaintiffs have affirmatively demonstrated that the Court has subject matter jurisdiction to address Plaintiffs' claims.

4823-5968-0393.1

**EXHIBIT 2**

## II.

## <u>DENIAL OF CONDITION PRECEDENT</u>

2.1     The Policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part:

**A.     NO ACTION CLAUSE**

2.2     The Policy specifically provides, as a condition to property loss coverage, that no suit can be brought against United Property unless the policy provisions have been complied with:

**C.     Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**5.**     Cooperate with us in the investigation of a claim;

**7.**     As often as we reasonably require:

**a.** Show the damaged property:
**b.** Provide us with records and documents we request and permit us to make copies;

**8.**     Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

**a.** The time and cause of loss;

**b.** The interests of all "insureds" and all others in the property involved and all liens on the property;

**c.** Other insurance which may cover the loss;

**d.** Changes in title or occupancy of the property during the term of the policy;

**EXHIBIT 2**

**e.** Specifications of damaged buildings and detailed repair estimates;

**f.** The inventory of damages personal property described in **6.** above;

**g.** Receipts for additional living expenses incurred and records that support the fair rental value loss;

\*\*\*

**F.    Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will set the amount of loss.

\*\*\*

**H.    Suit Against Us**

No action can be brought against us unless there has been full compliance with all the terms under Section **I** of this policy and the action is started within two years after the date of loss.

2.3    Both Plaintiffs' failure to submit a signed and sworn proof of loss within 60 days of United Property's request, as well as Plaintiffs' failure to comply with the Appraisal provision and complete the appraisal process, constitute a breach of the "no action" clause. Accordingly, Plaintiffs are barred from proceeding with their lawsuit and from recovering damages, attorneys' fees, interest or other amounts from United Property unless and until the policy conditions have been satisfied.

**EXHIBIT 2**

### B.     LOSS DURING THE POLICY PERIOD

2.4     The Policy does not cover damages which occurred prior to Policy inception regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiffs complain did not occur during the applicable policy period, the Policy provides no coverage for same.

### C.     LOSS ABOVE THE DEDUCTIBLE

2.5     United Property's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

### III.

### DEFENSES

3.1     Plaintiffs have failed to affirmatively allege a justiciable controversy within this Court's subject matter jurisdiction. Specifically, Plaintiffs state that they have made a demand for appraisal, Defendant has refused to participate in appraisal, and therefore, Plaintiffs seek an "order forcing Defendant to participate in appraisal."[2] Despite the fact that Defendant had agreed to participate in appraisal prior to the filing of this lawsuit, the Court should dismiss this case because Plaintiffs merely seek an advisory opinion from the Court, which is prohibited under Texas law.

3.2     United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

---

[2] *See* Plaintiffs' Original Petition, at *Causes of Action*, ¶¶ 1-8.

**EXHIBIT 2**

3.3     The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

3.4     United Property issued a policy of insurance to Timothy Ranieri and Renee Burgess, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

3.5     The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

3.6     The Policy does not cover loss caused by mold, fungus or wet rot.

3.7     The Policy does not cover damages caused by flood, surface water or water below the surface of the ground.

3.8     The Policy does not cover loss caused by constant or repeated seepage or leakage of water or steam or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years.

3.9     The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

3.10    United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

3.11    To the extent that some or all of Plaintiffs' claims may have been fully adjusted and payment tendered, Plaintiffs are only entitled to one satisfaction or recovery for their alleged damages.

3.12    To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

**EXHIBIT 2**

3.13    To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

## IV.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194.

## V.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
       Sarah R. Smith
       Texas State Bar No. 24056346
       Sarah C. Plaisance
       Texas State Bar No. 24102361
       24 Greenway Plaza, Suite 1400
       Houston, Texas 77046
       Telephone: 713.659.6767
       Facsimile: 713.759.6830
       sarah.smith@lewisbrisbois.com
       sarah.plaisance@lewisbrisbois.com

       ATTORNEYS FOR DEFENDANT,
       UNITED PROPERTY & CASUALTY
       INSURANCE COMPANY

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 18th day of March, 2019.

Eric B. Dick                                    ***Via Eserve***
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

                                    */s/ Sarah R. Smith*
                                    Sarah R. Smith

**EXHIBIT 2**

## <u>VERIFICATION</u>

STATE OF TEXAS           §
                         §
COUNTY OF HARRIS         §


BEFORE ME, the undersigned authority, on this day personally appeared Sarah C. Plaisance,

who being by me first duly sworn did on her oath depose and say that every factual assertion

contained within Section II – Denial of Condition Precedent, Subsection A, as required by Tex. R.

Civ. P. 93(12), is true and correct.


_____
Sarah C. Plaisance


SUBSCRIBED AND SWORN TO BEFORE ME this March __18__, 2019


_____
Notary Public, State of Texas


_____
Printed Name of Notary


My Commission Expires:



Stephanie Valentz
My Commission Expires
03/12/2022
ID No. 11947977

**EXHIBIT 2**

**FILE COPY**

**County Court at Law No. 3 of Galveston County, Texas**

**Case Information Statement**

September 26, 2018

The case information statement is for administrative purposes only. It shall be filed with the parties' original pleadings and shall be served upon all other parties to the action.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Style:

**Timothy Ranieri, et al**

vs.

**United Property & Casualty Insurance Company**

**Cause No. CV-0081964  Filed 09/24/18**

**Status Conference Set For**

**01/10/19 @ 1:30 P.M.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____
 Attorney for Petitioner or Pro Se

_____
 State Bar Number

_____
 Address

_____
 Phone Number

_____
 Fax Number

_____
 Attorney for Respondent or Pro Se

_____
 State Bar Number

_____
 Address

_____
 Phone Number

_____
 Fax Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Briefly describe the case including any special characteristics that may warrant extended discovery or accelerated disposition. If complex or expedited track requested, explain why. Attach additional sheets if necessary.

**Estimated time for Discovery** _____

**Estimated time for Trial** _____

**Level 1**          **Level 2**          **Level 3**

**Signature of Attorney or Pro Se Party:** _____   **Date** _____

Only attorney(s) or Pro Se Party(ies) are to be present at Conference
You may submit a Docket Control Order in lieu of appearance at the status conference.

# Failure to appear at status conference may result in case being Dismissed for Want of Prosecution

**Please Fill Out and Return**

FILED

2018 SEP 26  PM 3: 14

COUNTY CLERK
GALVESTON TEXAS



**EXHIBIT 2**



# County Court at Law No. 3

Galveston, County, Texas

## Jack Ewing
Judge

# NOTICE OF CASE SETTING/ACTION

February 04, 2019

ERIC B. DICK
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX 77092

FAX: 713-893-6931

Email: ERIC@DICKLAWFIRM.COM

CASE NUMBER:    CV-0081964

CASE STYLE:    TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:    February 19, 2019

TIME:    9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
**FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE**
**MISSED COURT DATE: STATUS CONFERENCE 01/10/2019**

FROM:    /s/ Celeste Huffstetler /s/
Celeste Huffstetler
COURT COORDINATOR
COUNTY COURT AT LAW NO.3
600 59TH ST, 2nd FLOOR
GALVESTON, TX 77551
(409) 621-7920

RETURN TO FAX NO.: (409) 765-3154

**CONFIDENTIALITY NOTE**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

**EXHIBIT 2**

# FAX CONFIRMATION

**Result: Failure**

*EMAILED*

## Sent by:

Name:      Fax Sender

Voice Number:

Fax Number:

RightFax ID:      WALKUP

## Sent to:

Name:      Fax User

Company:

Number/Address:      7138936931

Voice Number:

Remote CSID:      Unknown

---



**County Court at Law No. 3**
Galveston, County, Texas

**Jack Ewing**
Judge

**NOTICE OF CASE SETTING/ACTION**

February 04, 2019

ERIC B. DICK                 FAX: 713-893-6931
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE
HOUSTON TX 77092

CASE NUMBER: CV-0081964

CASE STYLE: TIMOTHY RANIERI, ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:      February 19, 2019

TIME:      9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE
MISSED COURT DATE: STATUS CONFERENCE 01/10/2019

FROM:      /s/ Celeste Huffstetler /s/
         Celeste Huffstetler
         COURT COORDINATOR
         COUNTY COURT AT LAW NO.3
         600 59TH ST, 2ND FLOOR
         GALVESTON, TX 77551
         (409) 621-7920

                      RETURN TO FAX NO.: (409) 765-3154

**CONFIDENTIALITY NOTE**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

---

## Details:

| | |
|---|---|
| Type: | Fax |
| Cover Sheet: | has a cover page |
| Body Pages: | 1 |
| Billing Code #1: | |
| Billing Code #2: | |
| Unique ID: | WAL5C584A78BE39 |
| Fax Channel: | 12 |
| Scanning Device: | 172.21.16.49 |
| Scanned at: | 02/04/19 14:21:43 |
| Submitted at: | 02/04/19 14:21:44 |
| Completed at: | 02/04/19 14:43:35 |

**EXHIBIT 2**

# Xerox WorkCentre 5330
## Transmission Report

Date & Time : 02/06/2019 2:10 PM
Page : 1(Last Page)

The job has been sent.

Job Date & Time          02/06/2019 2:10 PM



## County Court at Law No. 3
Galveston. County, Texas

### Jack Ewing
Judge

### NOTICE OF CASE SETTING/ACTION

February 04, 2019

ERIC B. DICK                                         FAX: 713-893-6931
DICK LAW FIRM PLLC
3701 BROOKWOODS DRIVE              Email: ERIC@DICKLAWFIRM.COM
HOUSTON TX 77092

CASE NUMBER:    CV-0081964

CASE STYLE:     TIMOTHY RANIERI. ET AL

VS.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY

DATE:           February 19, 2019

TIME:           9:30 AM

TYPE OF SETTING/ACTION: DISMISSAL DOCKET
**FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN DISMISSAL OF CASE**
**MISSED COURT DATE: STATUS CONFERENCE 01/10/2019**

FROM:    /s/ Celeste Huffstetler /s/
         Celeste Huffstetler
         COURT COORDINATOR
         COUNTY COURT AT LAW NO.3
         600 59TH ST. 2ND FLOOR
         GALVESTON, TX 77551
         (409) 621-7920
                                    RETURN TO FAX NO.: (409) 765-3154

CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately and we will arrange to retrieve the document from you.

| Date & Time Sent | Recipient Information | Result |
|---|---|---|
| 02/06/2019 2:10 PM | eric@dicklawfirm.com | Completed |

FILED

2019 FEB -7  AM 8: 35

Dwight D. Sullivan
COUNTY CLERK
GALVESTON COUNTY, TEXAS

**EXHIBIT 2**